No. 17,336.

HIGGINS ET AL. *v.* SINNOCK ET AL.
(266 P. [2d] 1112)

Decided February 13, 1954.

Mr. Samuel Chutkow, Mr. Noah A. Atler, Mr. Arnold M. Chutkow, Mr. Omar E. Garwood, Mr. George A. Luxford, for plaintiffs in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank A. Wachob, Deputy, for defendants in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

Robert Higgins, et al., brought an action on behalf of themselves and all other individuals and pensioners similarly situated against Jean Sinnock, et al., to obtain a declaratory judgment declaring chapter 171, Session Laws of Colorado, 1953, null and void and in violation of the Constitution of the State of Colorado, and for injunctive relief. Upon trial the court found said chapter to be constitutional, and, accordingly, entered its judgment for defendants. Plaintiffs are here by writ of error seeking a reversal.

At the general election in 1936 the Constitution of the State of Colorado was amended by adding thereto a new article concerning old age pensions and providing a fund and funds for the payment thereof, which amendment now appears as Article XXIV in our said Constitution. The provisions of this Article pertinent herein are sections 1, 2, 3, 4 and 7.

Section 1 provides for the creation and establishment of an old age pension fund. Section 2 provides that certain collections be set aside, allocated and allotted to the old age pension fund. Section 3 reads in part: "From and after January 1, 1937, every citizen of the United States who has been a resident of the State of Colorado *for such period as the General Assembly may determine,* who has attained the age of sixty years or more, *and who qualifies under the law of Colorado to receive a pension,* shall be entitled to receive the same; * * *." (Italics ours.) Section 4 provides that all of the funds shall be distributed to the qualified pensioners. Section 7 provides that the old age pension fund shall remain inviolate.

Pursuant to the authority vested in the legislature by section 3 of said Article, chapter 201, page 885, Session Laws of Colorado, 1937, was enacted, and therein we find section 4 (e) to be: "Is not an inmate of or being maintained by any municipal, state or national institution at the time of receiving a pension. An inmate of an institution may, however, make application for such pension, but the pension, if granted, shall not begin until he ceases to be an inmate." In substance this section remained in full force and effect until 1953, when the legislature enacted chapter 171, page 445, Session Laws of Colorado, 1953. The 1953 Act, supra, amended section 4, chapter 201, Session Laws of Colorado, 1937, as amended by section 1, chapter 241, Session Laws of Colorado, 1947, as amended by section 1, chapter 191, Session Laws of Colorado, 1949, by adding thereto section 4 A, which extended the old age benefits to those

persons otherwise qualified who were inmates "of an institution, not penal in character, maintained by the state or by a municipality therein, or county thereof, * * *." Said 1953 Act, supra, provided that when there were inmates of institutions who were entitled to pensions under the Act, the amount thereof "be paid to the chief financial officer of the respective institution within which the inmate is confined; and such chief financial officer shall receive and disburse such pension funds as trustee for such inmate or inmates, and shall account for the same to the state controller in the manner now prescribed by law for the handling and accounting of trust or quasi-trust funds."

Here the position of plaintiffs in error is thus clearly set forth in their brief: "Plaintiffs in error do not take issue with each and every provision of the Act of March 26, 1953, but submit that the procedural provisions contained in this Act are clearly and patently a violation of the Constitution of the State of Colorado, and because of the inseverability of each and every provision of House Bill 183, the Act must fall as a single unit."

Further, " * * * It has *not* been their position that the portion of the Act which qualifies inmates of the Colorado State Hospital and other institutions for pensions constitutes an infringement of the Constitution * * *."

The plaintiffs in error affirmatively allege that they are not inmates of any institution. Here they have correctly conceded in their brief, as above quoted, that the legislature has power and authority to extend the benefits of the Old Age Pension Act to inmates of institutions. Those inmates of the institutions who are benefited by the provisions of the 1953 Act, supra, are not here complaining.

The 1953 Act, supra, by its provisions, vested certain definite rights in the inmates of the institutions mentioned therein, and they were such as might be enforced in courts of law. Having vested these rights, the legislature, under the provisions of the 1953 Act, supra,

also provided the procedural method for payments. Thereby such beneficiaries acquired a vested right to share pro rata in the funds allocated for the payment of old age pensions, and further therein the legislature provided to whom the payments due the inmates of these institutions should be made. The right to the payment is wholly separate, distinct and apart from that provision designating the person to whom it should be made, and if we considered it necessary to determine the validity of that provision of the 1953 Act, supra, designating the chief financial officer as the one authorized to receive the payment on behalf of the inmates of his institution, and should find the same invalid, that would in nowise affect the right of the inmates to participate in the fund. It would only change the method of payment for the inmates' benefit, with which plaintiffs in error are in nowise concerned. As a general principle of law it may be said that the power of courts to declare legislative enactments invalid because of constitutional limitation involves a great responsibility, and is to be exercised with caution and reluctance. It is only where the case is so clear as to be free from doubt that the jurisdiction to so declare Acts unconstitutional should be exercised. Before a legislative Act is declared unconstitutional, the conflict between the Act and the Constitution must present an irreconcilable conflict, and the only persons who are entitled to call upon the judicial branch of government to declare Acts unconstitutional are those who are possessed with a requisite interest, and not strangers to the controversy.

We have held in *Denver v. Lynch,* 92 Colo. 102, 18 P. (2d) 907, that a statute may be constitutional in one part and unconstitutional in another, and if severable the valid part may stand while the invalid part may be stricken and rejected. Therein we said that if the invalid portion of the Act was apparently an inducement to the passage of the valid, then the statute would not be severable. Here there is nothing contained in the

record which authorizes or empowers us to assume that the portions of the 1953 Act, supra, providing for the payment of the benefits under the old age pension Act to the chief financial officer of the institution for the inmates therein was an inducement to the enactment of that portion of said Act giving those inmates the benefits of the old age pension Act. We may not rest our decision upon assumption or presumptions without some evidence in support thereof. Here the 1953 Act, supra, gives the inmates of the institutions mentioned therein an absolute right to participate with others entitled to the benefits of the old age pension fund. If, in a proper case, it should be necessary for us to hold that the portion of the 1953 Act providing for the payment of the benefits due the inmates of the institutions to the chief financial officer is violative of any constitutional provision, that would in nowise prevent the payment of the benefit to a properly designated person.

Under no circumstances are the plaintiffs in error here in position to challenge the 1953 Act as unconstitutional because, as they contend, it is violative of the provisions of Article VI, section 23, of the Colorado Constitution. If these unfortunate persons in the institutions specified in the 1953 Act, or their representatives, feel that the payments due them should be made to any other than the officer designated in the statute, it is a matter which concerns them only, and they are the proper persons to challenge that severable provision of the 1953 Act.

The judgment is affirmed.

MR. JUSTICE MOORE not participating.