No. 20,037.

COLORADO INTERSTATE GAS COMPANY *v.*
SABLE WATER DISTRICT.
(380 P. [2d] 569)

Decided April 8, 1963.

Mr. RICHARD L. GREENER, Messrs. HOLLAND and HART,

Mr. ROBERT P. DAVISON, Mr. ROBERT A. KRANTZ, JR., Mr. ROBERT C. McHUGH, for plaintiff in error.

Mr. HARVEY P. WALLACE, Messrs. BENDER and LUBOW, for defendant in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

MOST of the problems presented in this case are the same as or similar to those presented in *Mountain States Telephone and Telegraph Company v. Animas Mosquito Control District,* 152 Colo. 73, 380 P. (2d) 560, and are resolved in the opinion this day entered in that case. The opinion in *Mountain States Telephone and Telegraph Company v. Animas Mosquito Control District* should be read and considered in connection with this opinion.

Here, we have for review a judgment of the trial court denying the petition of the Interstate Gas Company to have its real property, consisting of 20.54 acres, located within the outer boundaries of the Sable Water District excluded from the district, as provided by C.R.S. '53, 89-5-4:

" * * * No single tract or parcel of property containing twenty acres or more may be included in any district organized under this article without the consent of the owner or owners thereof."

The district contends that the 20.54 acres belonging to the Interstate Gas Company do not constitute a "single tract or parcel of property" as contemplated by the statute, but in fact constitute two tracts, being divided by a county road leaving 2.22 acres on one side of the road and 18.32 acres on the other side.

The trial court concluded that Interstate Gas Company did not own a single tract containing more than twenty acres and denied the petition seeking exclusion.

Interstate Gas Company is here by writ of error seeking reversal.

█ We now hold that the above quoted portion of C.R.S. '53, 89-5-4, is unconstitutional and void, for the same reasons that the exclusion provision contained in 89-3-3 is held void in the Mountain States Telephone Company case.

Unlike a mosquito district, where to omit part of the property from control of the district the whole purpose of the district would fail, we can readily understand that in a water district there might be many properties, large or small, having adequate water facilities, the owners of which would receive no benefits from the district.

C.R.S. '53, 89-5-21, provides means whereby an owner of property within the district can have his property excluded therefrom on a proper showing. Interstate Gas Company sought exclusion under the discriminatory provisions of C.R.S. '53, 89-5-4.

For the reasons expressed herein and in *Mountain States Telephone and Telegraph Company v. Animas Mosquito Control District,* the judgment is affirmed.

MR. JUSTICE MCWILLIAMS and MR. JUSTICE PRINGLE dissent.

MR. JUSTICE MCWILLIAMS dissenting:

I dissent for reasons set forth in my dissenting opinion filed in Case No. 19,812 decided this date.

Mr. Justice Pringle concurs in this dissenting opinion.