No. 21309.

THE RUBEROID CO., ET AL. *v.* NORTH PECOS WATER
AND SANITATION DISTRICT, ET AL.
(408 P.2d 436)

Decided December 6, 1965.

HOLLAND & HART, FIELD C. BENTON, PHELPS, HALL & SMEDLEY, for plaintiffs in error.

CHARLES E. FREELAND, TALLMADGE & TALLMADGE, JAMES G. WILSON, JR., WILLIAM O. LAMM, for defendants in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS matter is before the court on rehearing, and the former opinion herein announced September 13, 1965, is withdrawn.

We will refer to the plaintiffs in error as plaintiffs and to the defendants in error as the defendants. This is how they appeared in the trial court where seven plaintiff-landowners unsuccessfully petitioned the District Court to obtain an order excluding them from the North Pecos Water and Sanitation District.

Plaintiffs set forth two grounds upon which they assert their right to be excluded from the district. Both grounds were urged in the trial court and here. They are:

1. That the property of the plaintiffs would receive no special benefit from inclusion in the district.

2. That the statute, C.R.S. 1963, 89-5-7 (2), is constitutionally defective in establishing no standards for exclusion and delegating to the courts legislative respon-

sibility for determining which properties should be excluded or included in said district.

■■ After a hearing and the taking of considerable testimony, all tending to show that the district would be of no particular benefit to the plaintiffs' property, the District Court rejected the petition and ruled that special benefit to the individual property was not the criterion and that a water and sanitation district is created for the benefit of the entire community comprising the district. The argument of unconstitutionality was also rejected by the court. We hold that the determination of the court was correct.

■■ 1. On the first proposition, the argument of the plaintiffs that the lack of special benefit to their respective property entitled them to be excluded from the district has no validity and cannot be sanctioned when there is sought to be created a water and sanitation district. Unlike special improvement districts, which do have as their objective improvement of the respective properties and which are financed by a special assessment on each by reason of the relationship to the improvement bestowed, a water and sanitation district is directly concerned with the public health and welfare. *People ex rel. Dunbar v. Proposed Toll Gate Sanitation District*, 128 Colo. 33, 261 P.2d 152. Because of that fact, the water and sanitation district does not depend on special assessments for its revenue or taxing authority. Instead, there is in the act, C.R.S. 1963, 89-5-14, conferred upon the board "power and authority *to levy and collect ad valorem taxes* * * *." (Emphasis supplied.)

This power of general taxation upon all property based upon its assessed valuation and not upon special benefit was discussed in *Gordon v. Wheatridge District*, 107 Colo. 128, 109 P.2d 899, wherein this court said:

"With the third contention eliminated from consideration and consequently all question as to whether the tax authorized is *not* a special assessment or special tax based upon the theory of apportionment of benefits and

costs removed, it would seem that the exaction authorized by the act, of necessity, must be a general tax, since that is the only other type of direct tax which may be levied upon tangible property under our system of taxation. For a discussion of distinctions between general and special taxes, see, *Illinois Central R.R. Co. v. City of Decatur*, 147 U. S. 190, 13 S. Ct. 293, 37 L. Ed. 132; *City of Denver v. Tihen*, 77 Colo. 212, 235 Pac. 777, and *People ex rel. v. Letford, supra* [102 Colo. 284, 79 P. 2d 274]. Indeed, the terms of the act itself proclaim that the legislature intended the tax to be general. The deliberate omission of any method for the determination of benefits and the imposition of assessments otherwise is unexplainable. * * * The method and manner of the levy and collection prescribed by the succeeding sections is in precise accord with that followed in the case of general taxes. For these reasons we must conclude that the exaction imposed was intended to be a general tax. * * *"

■ Pronouncements of similar import were made in *Aurora v. Aurora District*, 112 Colo. 406, 149 P.2d 662, wherein it was said, "The legislature did not attempt to confer upon such district authority to impose special assessments." Likewise, in *People v. Sanitation District*, 128 Colo. 33, 261 P.2d 152, this court held, "Sanitation districts, as thus will be seen, are not created for the purpose of improvements or benefits to land, as may be the case in the organization of other kinds of districts, but are for the inhabitants of the district."

■ We hold, therefore, that lack of special benefit alone cannot be a ground for excluding property from a water and sanitation district. To the extent that the dictum in *Colorado Interstate Gas Company v. Sable Water District*, 152 Colo. 89, 380 P.2d 569, appears to say that benefit or lack thereof is the test for determination of inclusion or exclusion from a water district, we expressly overrule it.

2. As to the constitutionality of C.R.S. 1963, 89-5-7 (2), that section of the statute reads as follows:

"Any time after the filing of the petition for the organization of a district and before the day fixed for the hearing thereon, the owner of any property within the proposed district may file a petition with the court stating reasons why said property should not be included therein, and praying that said property be excluded therefrom. Such petition shall be duly verified and shall describe the property sought to be excluded. The court shall hear said petition and all objections thereto at the time of the hearing on the petition for organization, and *shall determine whether said property should be excluded or included in said district.* The court shall exclude property located in any home rule municipal corporation in respect to which a petition for exclusion has been filed by such municipal corporation." (Emphasis supplied.)

It is asserted by plaintiffs that the reading of the section reveals an absence of any standard to guide the court in determining which property to exclude or to decree which property shall remain in the district. In support of the argument are cited a number of cases and text authorities on Municipal Corporations, all of which deal with a general doctrine which does limit the legislative power to delegate to courts or other bodies certain legislative functions. Among the powers which cannot be delegated to courts are: Power to create municipal corporations or to change municipal boundaries or to determine the *conditions* on which certain territory shall be included within or be detached from, municipalities and other governmental subdivisions.

■■ With the rules of law cited we have no quarrel, but they have no application to the matter under consideration. Here, under the inherent judicial power of the courts, a hearing on facts was conducted. The court was required to make a determination whether such territory should or should not be included in the

district. The findings and conclusions that plaintiffs were not entitled to exclusion are nowise legislative in nature. The court's judgment finds clear support in the record because there was no evidence offered to sustain the application for non-inclusion other than asserted lack of benefit. On the other hand, the community health and welfare was shown to be in jeopardy by the continued use of septic tanks for domestic and industrial wastes and sewage in soil not suitable for such continued usage. It was also shown that the shallow wells from which industrial users were drawing millions of gallons of water and upon which the inhabitants were dependent for water supply could not be used as a source indefinitely as both diminution and depletion as well as potential contamination were the inexorable prospects in the future.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE not participating.