Mr. Justice Pringle
delivered the opinion of the Court.
District 50 Metropolitan Recreation District (hereinafter called the District) is here by writ of error contesting an order of the District Court of Adams County granting petitions for exclusion of two tracts of land from the District. This order was made a final judgment in accordance with R.C.P. Colo. 59(h).
The tracts of land excluded from the District by the court’s order were owned by defendants in error (hereinafter called Furbush and Bruchez). The parties stipulated that the Furbush tract, 369.63 acres, and the Bruchez tract, exceeding 580 acres, were .used primarily for agricultural purposes. It is not disputed that both tracts are entitled to exclusion under the terms of C.R.S. 1963, 89-12-8. The only assignment of error made by the District is that the exclusion provisions of the statute are unconstitutional.
We hold that the District has no standing to attack the constitutionality of the statute under which it was organized. Accordingly, we affirm the judgment of the district court.
In view of the disposition made of this case, it is unnecessary to discuss the question raised by cross- *65 error, concerning the District’s failure to designate the Bruchezes as defendants in error within the time specified by R.C.P. Colo. 111(b), or the District’s arguments concerning severability of C.R.S. 1963, 89-12-8.
This Court has repeatedly held, in accordance with the general rule, that only persons whose rights are directly affected by a statute may attack its constitutionality. E.g., McKinley v. Dunn, 141 Colo. 487, 349 P.2d 139; Higgins v. Sinnock, 129 Colo. 66, 266 P.2d 1112; Cross v. Bilett, 122 Colo. 278, 221 P.2d 923. In the last-cited case, we held that a board of adjustment may not challenge the validity of a municipal ordinance regulating its authority on the ground that such ordinance is unconstitutional. The position of the District here is analogous. Like the board of adjustment in Cross, supra, the District is here arguing that it is not bound to comply with the exclusion provisions of C.R.S. 1963, Chapter 89, Article 12, because such provisions are unconstitutional, under the equal protection clauses of the United States and Colorado Constitutions, and under various sections of Article X of the Colorado constitution relating to exemption from taxation.
We have disposed of the equal protection claims adversely to the District’s contention in Board of County Commr’s v. City & County of Denver, 150 Colo. 198, 372 P.2d 152, where we, in effect, held that the equal protection clause was not designed to protect state instrumentalities from state action. We then pointed out that a governmental subdivision created through state action has no privileges or immunities which it may invoke in opposition to the will of its creator. See Williams v. Mayor, 289 U.S. 36, 53 S.Ct. 431, 77 L. Ed. 1015. It cannot attack the very charter by which it exists and which breathes life into its actions. It must be bound by the limitations of the authorizing statute unless and until some person specifically injured by a specific provision of the statute obtains a ruling from a court *66 of competent jurisdiction that the provision is unconstitutional.
 The District contends that this Court’s decisions in Mountain States Telephone & Telegraph Co. v. Animas Mosquito Control District, 152 Colo. 73, 380 P.2d 560, and Colorado Interstate Gas Co. v. Sable Water District, 152 Colo. 89, 380 P.2d 569, are “controlling” here. In those cases, this Court considered, sua sponte, the constitutionality of exclusion provisions in other statutes in some respects similar to the provision involved here, even though none of the parties had attacked those statutes on constitutional grounds. The Court there acknowledged the usual rule to be that courts will not inquire into the constitutionality of a statute unless the question is raised by a proper party. The fact that the Court in those cases nevertheless chose to decide the constitutional questions in no way compels us to do likewise in the case before us. There are some major differences in the statute before us and those involved in the two cases cited, and it cannot be contended, therefore, that this statute was invalidated per se by the decisions in those cases.
The judgment is affirmed.
Mr. Justice Groves not participating.